IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WIREGRASS CATERING SERVICE, LLC, and JUDY QUITMAN-BOOKER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| COMMUNITY BANK & TRUST OF SOUTHEAST ALABAMA, and J. BRYAN SHEFFIELD, JR., | ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. 1:11cv361-WHA-TFM
(WO)

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on a Motion to Remand or Abstain (Doc. #6), filed by Plaintiffs Wiregrass Catering Service ("Wiregrass") and Judy Quitman-Booker ("Quitman-Booker," collectively, "Plaintiffs").

In 2008, Plaintiffs sued Community Bank & Trust of Southeast Alabama ("CB&T") and J. Bryan Sheffield, Jr. ("Sheffield," collectively, "Defendants"), as well as fictitious defendants, in Alabama state court. Defendants answered Plaintiffs' Complaint and also brought counterclaims against Plaintiffs. On February 11, 2011, Booker filed a Chapter 13 bankruptcy petition in the United States District Court for the Middle District of Alabama. Subsequently, on May 11, 2011, Defendants removed the state court case to this court (Doc. #1).

For reasons to be discussed, the Motion to Remand or Abstain is due to be DENIED AS MOOT, and this case is REFERRED to the bankruptcy court.

## II.  MOTION TO REMAND STANDARD

Removal to federal court is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  FACTS

**A.     Plaintiffs Sue Defendants in State Court, and Defendants Counterclaim**

Wiregrass is an Alabama limited liability company and Quitman-Booker is its sole member and manager.  In 2002, Quitman-Booker sought loans from CB&T on behalf of Wiregrass.  CB&T allegedly promised that it would secure a Small Business Administration Loan for Wiregrass, but failed to do so, instead, merely making a number of interim loans to Wiregrass.  Plaintiffs allege that they were harmed by relying on CB&T's promises.

On November 26, 2008, Plaintiffs brought suit against CB&T as well as Sheffield, the City President of CB&T.  They alleged a number of state-law causes of action, based on CB&T's failure to secure the promised loan.  On January 8, 2009, Defendants filed an answer, denying liability, pleading several affirmative defenses, and also pleading counterclaims against

Plaintiffs for (1) breach of contract; and (2) unjust enrichment and money had and received, due to unpaid balances on the interim loans made to Wiregrass and guaranteed by Quitman-Booker. On January 9, 2009, Plaintiffs answered the counterclaim, denying all of Defendants' allegations and pleading several affirmative defenses. The state court eventually set the case for trial, and then continued it.

### B.     Plaintiff Quitman-Booker Files a Chapter 13 Bankruptcy Petition, Defendants Allege Inaccuracies, and Defendant CB&T Files a Proof of Claim

On February 11, 2011, Quitman-Booker, individually and doing business as Wiregrass, filed a Chapter 13 bankruptcy petition. Accordingly, the state court stayed Plaintiffs' action against Defendants.

In her bankruptcy filings, on Schedule B, Quitman-Booker stated that Wiregrass's liabilities exceeded its assets. Quitman-Booker listed, as personal property, an "ongoing lawsuit against CB&T." Def.'s Ex. A at 21.

Defendants allege that Quitman-Booker's Chapter 13 filings are not accurate. For example, Quitman-Booker listed, as personal property, a "2003 GMC Savanna cargo van" (the "Cargo Van"), which CB&T argues is Wiregrass's asset. Def.'s Ex. A at 21. CB&T alleges that it holds the certificate of title to the Cargo Van, yet Quitman-Booker does not list the Cargo Van in Schedule D as security for a secured creditor. Instead, Quitman-Booker lists the Cargo Van as a disputed account of an unsecured creditor in Schedule F.

Quitman-Booker's Chapter 13 plan became effective on February 10, 2011, and has been amended twice since that date. Defendants note three characteristics of the Chapter 13 plan: (1) "Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's

3

chapter 13 plan at a rate of 100% . . . ."; (2) "Property of the Estate shall remain property of the estate subsequent to confirmation of this plan;" and (3) "Proceeds received from lawsuits over exemptable amounts and [sic] will be pledged toward the plan for the benefit of unsecured creditors."  Def.'s Ex. F at 3.

On May 24, 2011, CB&T filed a proof of claim in the Chapter 13 case.[1]  The proof of claim was for $21,308.97, based on a "loan and guaranty."  Def.'s Ex. G.  The proof of claim noted that $5,000 of the claim was secured by a "motor vehicle."[2]  Defendants assert that this proof of claim, when compared to Quitman-Booker's filings, reveals disputes as to (1) "a claim;" (2) "the status of CB&T as a secured or unsecured creditor;" and (3) "what assets belong to Quitman-Booker, as opposed to Wiregrass."  Def.'s Resp. at 5.  Defendants argue that this raises "issues as to the feasibility of the Plan and the administration of the Chapter 13 Case and Plan."

On May 11, 2011, Defendants removed "all claims and causes of action" from the state court case to this court.  Doc. #1.  Plaintiffs subsequently filed their Motion to Remand or Abstain.

## IV.  DISCUSSION

Plaintiffs argue that this court should remand this case or abstain by either (1) exercising mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2); (2) exercising discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1); or (3) remanding on equitable grounds pursuant to 28 U.S.C.

---

[1]The Proof of Claim indicates that it was filed by "Synovus Bank, as successor to CB&T."  Def.'s Ex. G.

[2]The Cargo Van was listed as valued at $5,000 in Quitman-Booker's Chapter 13 filings.

§ 1452(b). Defendants argue that mandatory abstention is inappropriate because this case constitutes a "core" proceeding, and that discretionary abstention is inappropriate because the factors courts use to analyze discretionary abstention favor keeping the case in federal court.[3]

This court has jurisdiction over this case. 28 U.S.C. § 1334(b) confers original, although not exclusive, jurisdiction on federal courts in civil proceedings (1) arising under title 11; (2) arising in cases under title 11; and (3) related to cases under title 11.

The court finds that, at a minimum, this case satisfies "related to" jurisdiction. In order to find jurisdiction under the 28 U.S.C. § 1334(b) "relate to" provision, there must be some nexus between the bankruptcy case and the related action. *Cook v. Chrysler Credit Corp.*, 174 B.R. 321, 327 (M.D. Ala. 1994) (Albritton, J.). Such a nexus may be found when the outcome of the related action could directly affect the bankruptcy estate. *See In re Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990). The Eleventh Circuit has held that an action is said to "relate to" bankruptcy if the outcome could alter the debtors' rights, liabilities, options, freedom of action, and which in any way impacts upon the handling and administration of the bankrupt estate. *Id.*

In this case, the outcome of this case could directly affect the bankruptcy estate. For example, the Chapter 13 bankruptcy plan states that "[p]roceeds received from lawsuits over exemptable amounts and [sic] will be pledged toward the plan for the benefit of unsecured creditors." Def.'s Ex. F at 3. Thus, if Plaintiffs prevail in their claims, those claims will increase the size of the estate, and will be paid to unsecured creditors. Additionally, the case involves a counterclaim filed by Defendants against the estate, which could potentially alter the value of the

---

[3]Neither party discusses § 1452(b), except Plaintiffs state that the factors used in analyzing abstention are also used to analyze equitable remand. Pl.'s Br. at 4-5 (citing *Roddam v. Metro Loans, Inc.*, 193 B.R. 971, 981 (N.D. Ala. 1996)).

estate. Moreover, Defendants have stated to the court that this case may involve a dispute over whether it is a secured or unsecured creditor under Plaintiffs' Chapter 13 plan. In sum, this case satisfies the Eleventh Circuit's "related to" jurisdiction test, and this court has jurisdiction. *Hatcher v. Lloyd's of London*, 204 B.R. 227, 230 (M.D. Ala. 1997) (Albritton, J.) (finding "related to" jurisdiction existed because "'monetary relief which may be obtained in this case by the [debtors] would possibly become property of their bankruptcy estate'") (citations omitted).

Because it has jurisdiction, this court has authority to consider and dispose of the Motion to Remand or Abstain. *See, e.g.*, *id.* at 233-35. However, this court recognizes its authority to refer this case to the bankruptcy court. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."); Middle District of Alabama General Order of Reference—Bankruptcy Matters, dated April 25, 1985[4] ("[A]ll cases under title 11, United States code, and all proceedings arising under title 11 or arising in *or related to* a case under title 11 *shall be referred to the Bankruptcy Judges for this District*.") (emphasis added). The court finds the latter action to be preferable.

Therefore, the court will refer all of the claims in this case to the United States Bankruptcy Court for the Middle District of Alabama to handle as related to its proceedings in Case No. 11-10221.

## V. <u>CONCLUSION</u>

For the reasons discussed, it is hereby ORDERED as follows:

---

[4]The text of this General Order of Reference is available at http://www.almd.uscourts.gov/rulesproc/docs/Gen Order_Ref_Bky_Matters.pdf

1.  This case is REFERRED to the United States Bankruptcy Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 157(a) and this court's General Order of Reference–Bankruptcy Matters, entered on April 25, 1985, to be considered and determined in relation to its Case No. 11-10221.  The clerk is DIRECTED to forward a copy of this order to the Bankruptcy Court.

2.  The Plaintiffs' Motion to Remand or Abstain (Doc. #6) is DENIED AS MOOT.

DONE this 16th day of June, 2011.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE